RICHARD H. SWIFT ET AL. V. CORNELIUS RATLIFF.

1. *Indorsement of Promissory Note.*—Where a note is assigned by several parties before delivery to the assignee, the instrument imports a consideration against all of them and no special averment of a consideration is necessary in a complaint.

2. *Instructions on Appeal.*—These are not in the record unless signed by the judge.

3. *Best Evidence of Release of Surety.*—One who sets up a defense whereby he claims a release from one writing by reason of the execution of another cannot be allowed to shift the burden of proof from himself until he has produced the new writing, which he claims releases him as surety or indorser, or, having shown a good reason for not producing it, shall have proved its contents.

4. *Recalling a Witness.*—It is, in some measure, a matter of judicial discretion whether a witness, after being once discharged from the stand may be recalled by the party who first called him. And it can never be an available error to exclude a mere repetition of testimony already given.

Filed June 24, 1881.

Appeal from Wayne Superior Court.

Opinion of the court by Mr. Justice Woods.

Complaint by the appellee against the makers and indorsers of a promissory note, charging in substance that on the 8th day of November, 1876, the defendant, the Robinson Machine Works, made its promissory note to Jonas W. Yeo for the sum of $7,717.-50; that after the execution of the note to wit, on the day and year last aforesaid, the said Jonas W. Yeo, in writing, on the back of said note, indorsed the same to the said plaintiff, and on the same day and at the same time of the making and delivery of said note, the defendants, " Henry E. Robinson, Francis W. Robinson, Rob-

ert H. Shoemaker and Richard H. Swift, each using the initial
letter of his Christian name, in writing on the back of said note
indorsed the same to the said plaintiff." That said note is due and
unpaid, etc. A copy of the note and indorsement were filed with
the complaint of the tenor following, viz:

$7,717.50.

RICHMOND, IND., November 8, 1876.

Six months after date we promise to pay to the order of Jonas
W. Yeo seven thousand seven hundred and seventeen $\frac{50}{100}$ dollars
at the First National Bank of Richmond, Ind., value received
without any relief from valuation or appraisement laws, with inter-
est at the rate of ten per cent. per annum from maturity, and five
per cent. attorney's fees, if suit be instituted on this note. The
drawers and endorsers severally waive presentment for payment,
protest and notice of protest and non-payment of this note.

[Signed.]        ROBINSON MACHINE WORKS,
                       by H. E. ROBINSON.
[Indorsed.]        JONAS W. YEO,
                       H. E. ROBINSON,
                       F. W. ROBINSON,
                       R. H. SHOEMAKER,
                       R. H. SWIFT.

The defendants filed affirmative answers, to which the plaintiff
replied in denial. Trial by jury, verdict and judgment for the
plaintiff. The appeal is prosecuted in the names of said Swift and
of his assignee in bankruptcy, Bazilla W. Clark. The other de-
fendants have formally declined to join in the appeal.

It is assigned for error that the complaint does not state facts
sufficient to constitute a cause of action against Swift, and that the
court erred in overruling his motion for a new trial.

The objection made to the complaint is that it shows that the
payee of the note, Yeo, first indorsed it to the plaintiff, and that
thereafter Swift and the others indorsed it; wherefore, it is claimed
that the latter indorsement was without consideration, and ineffective
in the hands of the appellee. We do not think this a right inter-
pretation of the averments of the complaint. The allegation of the
indorsement by Yeo comes first in order, but is to the effect

simply that it was made on the day the note bears date; but of the indorsement by the other parties, the averment is that it was made " on said day and at the same time of the making and delivery of said note." If, therefore, it be considered as is claimed, that said Yeo was more than a nominal payee, and that he was bound as the first indorser, still it is manifest that the names of the other indorsers were on the paper when received by the plaintiff. That being so, the instrument imported a consideration against them all, and no special averment of a consideration was necessary.

Among the causes assigned for a new trial are alleged errors in the instructions of the court to the jury. There is no bill of exceptions, nor order of the court, whereby the instructions are made a part of the record. There is in the transcript a series of instructions which, according to the recital of the clerk, were given by the court, and perhaps in writing, though it is not so stated. They are not signed by the judge, and consequently are not properly in the record. *Zehner* v. *Aultman*, (this term); *McDaniel* v. *Mattingly*, (last term).

Counsel has brought to our attention but one other cause for which a new trial was claimed, and that is the refusal of the court to permit the witness Henry E. Robinson, to answer certain questions propounded on behalf of the appellant, Swift. The questions proposed and the statement of what was expected to be elicited thereby from the witness, as set forth both in the motion for a new trial and in the bill of exceptions, are as follows:

1. " State the conversation that occurred in the afternoon with Joseph Ratliff and you in regard to the interest-note, when Cornelius Ratliff and Joseph were at the office of the Robinson Machine Works."

2. " What, if anything, was said by Joseph C. Ratliff about the note in suit at the conversation held with him in the office of the Robinson Machine Works, on the afternoon of May 20, 1877?"

3. " State whether or not any note in connection with this matter was delivered by you to Joseph C. Ratliff on that afternoon, and if so, produce the note, if you can."

" And, said defendant, Swift, at the time of propounding said questions, announced to the court that he proposed and offered to prove by said witness that a note payable in bank was executed by

said Robinson Machine Works to Cornelius Ratliff for six months' interest on the note in suit, and the time for its payment extended for six months, as alleged in the answer of said Swift to the plaintiff's complaint, and that the note was then delivered to Joseph C. Ratliff, who took it away with him, and the plaintiff, at the time each of said questions was asked of said witness, objected to the same, and the court sustained the objection and excluded the evidence, but said that the witness would be permitted to testify in answer to the questions, if the witness would state that it was in the presence and hearing of Cornelius Ratliff, the witness having already stated that Cornelius Ratliff was not present."

These questions and the proposed answers are claimed to have been pertinent and admissible under two paragraphs of Swift's answer, wherein he claimed to have signed said note only as indorser or surety, and that on the 19th day of May, 1877, in consideration of a note "for $385.87, for six months' interest in advance up to November 8, 1877, on the note sued on with interest at 10 per cent. per annum after maturity, and payable at the First National Bank of Richmond, Indiana," made by said Robinson Machine Works to the plaintiff, the plaintiff had agreed to extend and had extended the time of payment of the note in suit until November 8, 1877, without said Swift's consent.

The bill of exceptions shows that these questions were asked after all the other evidence in the case had been adduced, there having been none except that offered in defense, and the appellant claims that such proof had already been made of the agency and authority of Joseph C. Ratliff, to act and speak for his father Cornelius in the premises, so as to make the proposed evidence admissible, though said Cornelius was not present at the time and place referred to.

In order to afford a proper understanding of the question presented, and to show the grounds of our decision, it is necessary to set forth at some length parts of the testimony actually delivered by said witness Robinson. Being sworn, and shown the note sued on, he said: "This note was due May 8th; about the 19th of May last, I first had a conversation with Cornelius Ratliff, with reference to the extension of this note, at the office of the Robinson Machine Works; * * * I asked Mr. Ratliff to renew the

note, omitting the indorsement of R. H. Swift. * * * Joseph Ratliff was with him. It was on the following day Joseph Ratliff explained that they had come down with reference to this note; * * that his father was uneasy about it; * * * a suggestion was made, I don't know who by, to continue the old note, by payment of interest. * * Mr. Yeo replied that it would be as well to release Mr. Swift at once, as the payment of interest in advance would not only release him, but the other indorsers. * * * In afternoon of same day, I think, (Joseph Ratliff came to my desk at Robinson Machine Works and said we have concluded to take a separate note for the interest for six months.)" "This statement in brackets objected to, and objection sustained." Cross-examination: "The interest note was not sent to the bank; it was given to Joseph Ratliff. This note was signed by Robinson Machine Works and indorsed by all who indorsed the original note, except Swift. I have the interest note; the principal note was sent to the First National Bank." Witness being recalled and shown the note, said: "In the afternoon Joseph Ratliff came to my office and said, We have concluded to take a separate note for the interest, if that is satisfactory to you. I executed this note. * * * At the time of the conversation when Cornelius was present in forenoon, * * * the interest note had not been written yet; * * * I did not see Cornelius there in the afternoon. In conversation in the forenoon there was nothing said about interest note and none drawn up. * * * The interest note was brought by Joseph Ratliff on the 30th day of May. In the morning conversation they were both present. * * * Joseph Ratliff did not say that they would go up town and take advice and come back and let us know about the interest note. He did not come back in the afternoon and say that the interest note was not satisfactory; he did not say in the afternoon, We decline to take the note. I did give Joseph Ratliff the interest note in the afternoon. Joseph did not say that he would prefer Swift's name on it. I think he gave a receipt for the note. I don't remember whether the receipt was returned to him or not. I do know there was a receipt given. The note was not returned on the same day."

A comparison of the testimony given by this witness with that proposed to be drawn from him in response to the questions which were forbidden to be answered, shows that he had already stated all

which it was competent for him to say, of what it was proposed that he should say in response to those questions.

Of all which it was proposed to show, there remains unanswered nothing but what was a part of the terms of the note, as that it was payable at bank and the like, and these should have been shown by putting the note itself in evidence. The note was present, was sufficiently identified, and was the best evidence of its own contents. But no offer was made to read it in evidence, and without it, it is not clear that upon any state of proof the verdict ought to have been different. The theory of the answer is, that the plaintiff took a bank note in payment of interest in advance on the note in suit, and that such payment created an implied agreement to extend the time of payment on the principal note for the time for which the interest was paid; but until the note given in payment of the interest is put in evidence, it cannot be known, or presumed, that it did not in terms reserve the right of the holder to bring suit on the principal note, or contain some other provision which would avoid any claim of a discharge from liability by any party to the original paper. One who sets up a defense, whereby he claims a release from one writing, by reason of the execution of another, can hardly be credited with having shifted the burden of proof on the subject until he shall have produced the new writing on which he relies, or having shown a good excuse for not producing it, shall have proved its contents. But aside from this question, it is clear for the reasons already given that the court committed no error in excluding the proposed answers to the questions under consideration. It is in some measure a matter of judicial discretion whether a witness, after being once discharged from the stand, may be recalled at all by the party who first called him, but it can never be an available error to exclude a mere repetition of testimony already delivered.

The judgment is affirmed with costs.

Lewis D. Stubbs, for appellant.

Peelle and Comstock, for appellee.